ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
STEVE SHEVORSKI, ESQ.
Nevada Bar No. 8256
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  ariel.stern@akerman.com
          steven.shevorski@akerman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA TRAILS II COMMUNITY ASSOCIATION, INC.; DAISY TRUST; and ALESSI & KOENIG, LLC, <br><br> Defendants. | Case No.: 2:16 cv 00880 <br><br> **COMPLAINT** |

Plaintiff Bank of America, N.A. (**BANA**) complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.  BANA is a citizen of North Carolina and, on information and belief, none of the defendants is a citizen of North Carolina.  The amount in controversy exceeds $75,000.

2. BANA is a national bank with its principal place of business in Charlotte, North Carolina.  Therefore, pursuant to 28 U.S.C. § 1348, for purposes of diversity jurisdiction, BANA is deemed to be a citizen of the state of North Carolina.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that national banks are citizens of the states where their designated main office is located for purposes of citizenship under 28 U.S.C. § 1348).  The diversity of citizenship requirement is met.  *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th

{37926191;2}

Cir. 2014). Defendants, Nevada Trails II Community Association, Inc. (**Nevada Trails**), Daisy Trust (**Daisy**), and Alessi & Koenig, LLC (**Alessi**) are, on information and belief, not citizens of North Carolina. The amount in controversy requirement is met. BANA seeks a declaration that its deed of trust, which secures a loan with a principal balance of $244,357.11, was not extinguished by a homeowners' association non-judicial foreclosure sale that is the basis for Daisy's claim to title to the real property sub judice.

3. Defendant Nevada Trails is a Nevada non-profit cooperative corporation. BANA is informed and believes and therefore alleges Nevada Trails is the purported beneficiary under an alleged homeowners' association lien recorded September 1, 2009. BANA is informed and believes and therefore alleges Nevada Trails foreclosed on the lien on September 5, 2012.

4. Defendant Daisy is, on information and belief, a Nevada trust created by Iyad Haddad for the sole purpose of acquiring title to the real property sub judice. On information and belief, Daisy is a citizen of Nevada. BANA is informed and believes and therefore alleges Daisy purchased the property at the HOA foreclosure sale, acquiring title via a Trustee's Deed Upon Sale recorded on September 11, 2012.

5. Defendant Alessi is, on information and belief, a Nevada limited liability company. After a reasonable search, BANA cannot determine the citizenship of the members of Alessi. BANA is informed and believes and therefore alleges Alessi conducted the foreclosure at issue in this case on behalf of Nevada Trails.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 for reasons stated above.

7. Venue is proper in this Court under 28 U.S.C. §1391. The property that is the subject of this action is located at 7623 Cascade Ridge Court, Las Vegas, Nevada 89113 (the **property**). Venue is proper in this Court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

{37926191;2}

8. The pre-litigation dispute resolution process set forth in NRS 38.300 *et seq.* is not applicable to this action and cannot restrict the jurisdiction of this Court. To the extent any requirement of the statute is applicable to any portion of the claims asserted herein, that requirement has been constructively exhausted and further resort to administrative remedies would be futile because BANA submitted a demand for mediation to Nevada Real Estate Division (**NRED**) on or about November 19, 2015, but NRED has failed to schedule the mediation in the time period required by NRS 38.330(1).

## **GENERAL ALLEGATIONS**

9. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

10. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

11. NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

12. NRS § 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS § 116.3116(2)(c).

### The Deed of Trust and Assignment

13. On July 29, 2008, Sung Chang (**Chang**) obtained a loan from BANA in the amount of $267,600.00, which was secured by a deed of trust (the **senior deed of trust**) recorded against the

{37926191;2}

property on July 30, 2008.  A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 20080730-0002938**.

### The HOA Lien and Foreclosure

14. On September 1, 2009, Nevada Trails, through its agent Alessi recorded a notice of delinquent assessment (lien).  Per the notice, the amount due to Nevada Trails was $632.00, of which "$320.00 represent[ed] Collection and/or Attorney fees and $50.00 represent[ed] collection costs, late fees, service charges and interest."  A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 200909010003452**.

15. On December 7, 2009, Nevada Trails, through its agent Alessi, recorded a notice of default and election to sell under homeowners' association lien.  The notice states the amount due to Nevada Trails was $1,630.00, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments.  A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 200912070001134**.  The notice of default also does not specify the super priority amount claimed by Nevada Trails and fails to describe the "deficiency in payment" required by NRS § 116.31162(1)(b)(1).

16. On August 9, 2010, Nevada Trails, through its agent Alessi, recorded a notice of trustee's sale.  The trustee's sale was scheduled for September 8, 2010.  The notice states the amount due to Nevada Trails was $2,763.00, which included "reasonable estimated costs, expenses and advances."  A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201008090001328**.  The notice of sale does not identify the super priority amount claimed by Nevada Trails and fails to describe the amount necessary to satisfy the lien required by NRS § 116.311635(3)(a).

17. On November 18, 2011, Nevada Trails, through its agent Alessi, recorded a second notice of trustee's sale, which scheduled the trustee's sale for December 14, 2011.  The notice states the amount due to Nevada Trails was $4,173.00, which included "reasonable estimated costs, expenses and advances."  A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201111180001351**.  The notice of sale does not identify the

{37926191;2}

super priority amount claimed by Nevada Trails and fails to describe the "deficiency in payment" required by NRS § 116.311635(3)(a).

18. On August 2, 2012, Nevada Trails, through its agent Alessi, recorded a third notice of trustee's sale, scheduling the trustee's sale for September 5, 2012. The notice states the amount due to Nevada Trails was $4,398.00, which included "reasonable estimated costs, expenses and advances." A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201208020001338**. The notice of sale does not identify the super priority amount claimed by Nevada Trails and fails to describe the "deficiency in payment" required by NRS § 116.311635(3)(a).

19. In none of the recorded documents nor in any notice did Nevada Trails and/or its agent provide notice of the purported super priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

20. In none of the recorded documents nor in any notice did Nevada Trails and/or its agent specify whether it was foreclosing on the super priority portion of its lien, if any, or on the sub-priority portion of its lien.

21. In none of the recorded documents nor in any notice did Nevada Trails and/or its agent specify the senior deed of trust would be extinguished by Nevada Trails' foreclosure.

22. In none of the recorded documents nor in any notice did Nevada Trails and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super priority portion of Nevada Trails' claimed lien.

23. The deficiencies in the notices notwithstanding, on April 30, 2010, after Nevada Trails recorded its notice of default and prior to the foreclosure sale, BAC Home Loans Servicing, LP (**BAC**), as servicer for BANA, through its outside counsel, remitted payment to Nevada Trails, through its agent Alessi, to satisfy the super priority amount owed to Nevada Trails.

24. On January 15, 2010, BAC requested a ledger from Nevada Trails, through its agent Alessi, identifying the super priority amount allegedly owed to Nevada Trails. Nevada Trails

{37926191;2}

1 refused to identify the super priority amount, and instead provided a ledger, dated April 14, 2010, identifying the total amount allegedly owed.

25. BAC and its counsel were forced to attempt to calculate the super priority amount claimed by Nevada Trails by reference to the April 14, 2010 ledger provided by Nevada Trails, through its agent Alessi.

26. Based on the monthly assessment amount identified in Nevada Trails' April 14, 2010 ledger, BAC accurately calculated the true super priority amount as $387.00, the sum of nine-months of common assessments as identified in Nevada Trails' ledger, and tendered that amount to Nevada Trails, through its agent Alessi, on April 30, 2010. A true and correct copy of Nevada Trails' ledger and BAC's tender letter are attached as **Exhibit 1**. Nevada Trails refused BAC's tender.

27. Despite the tender, Nevada Trails foreclosed on the property on September 5, 2012. A trustee's deed upon sale in favor of Daisy was recorded September 11, 2012. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 201209110004367**.

28. According to the trustee's deed upon sale, the sale price at the September 5, 2012 foreclosure sale was $6,300.00. Nevada Trails' sale of the property to Daisy for less than 3% of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS § 116.1113.

## FIRST CAUSE OF ACTION

**(Quiet Title/Declaratory Judgment Against All Defendants)**

29. BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

30. Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

31. An actual controversy has arisen between BANA and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the

{37926191;2}

September 5, 2012 HOA foreclosure sale, Daisy claims an interest in the property, and on information and belief, asserts Daisy owns the property free and clear of the senior deed of trust.

32. BANA's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

33. BANA is entitled to a declaration that Nevada Trails' foreclosure did not extinguish the senior deed of trust, or, alternatively, Nevada Trails' foreclosure is void

### *NRS Chapter 116 Violates BANA's Right to Procedural Due Process*

34. BANA asserts that NRS Chapter 116's scheme of HOA super priority non-judicial foreclosure violates BANA's procedural due process rights under the state and federal constitutions.

35. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect BANA from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

36. BANA asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

37. The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for BANA's deed of trust apply, to wit:

 a) The super priority lien did not exist at common law, but rather is imposed by statute.

 b) In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super priority mandatory, expanded the super priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within an HOA's covenants, conditions, and restrictions.

 c) The super priority lien has no nexus whatsoever to a private agreement between Nevada Trails and BANA, but, again, is imposed by legislative enactment.

{37926191;2}

    d) Nevada and Clark County mandated the creation of Nevada Trails as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Nevada Trails community.

38. Since the state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then Nevada's HOA super priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

39. On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

    a) NRS §§ 116.31162 and 116.311635 do not require that an HOA provide BANA with written notice of the sum that constitutes the super priority portion of the assessment lien.

    b) NRS Chapter 116 seeks to insulate its scheme of super priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

    c) NRS Chapter 116 fails to provide BANA with a statutorily enforceable mechanism to compel an HOA to inform BANA of the sum of the HOA super priority amount.

40. As applied, the HOA non-judicial foreclosure violated state and federal procedural due process protections for BANA's deed of trust since BAC was not provided with any notice the physical delivery of a check for 9 months of assessments did not redeem the deed of trust's priority prior to the HOA foreclosure.

41. BANA requests that this Court void the HOA foreclosure sale or declare that Daisy's title was acquired subject to the senior deed of trust because NRS Chapter 116's scheme of HOA super priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

{37926191;2}

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

42. The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

43. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super priority" component, the amount of the super priority component, how the super priority component was calculated, when payment on the super priority component was required, where payment was to be made or the consequences for failure to pay the super priority component. Alternatively, the foreclosure sale is void.

44. The foreclosure sale did not extinguish the senior deed of trust because BAC tendered and satisfied the super priority amount and Nevada Trails wrongfully rejected the tender. Alternatively, the foreclosure sale is void.

45. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS § 116.1113 in several respects, including, without limitation, the lack of sufficient notice, Nevada Trails' wrongful rejection of the tender, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper prospective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for Nevada Trails, its agent Alessi, and Daisy at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

46. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate BANA's rights to due process, as a result of Nevada Trails' failure to provide sufficient notice of the super priority component of Nevada Trails' lien, the manner and method to satisfy it, and the consequences for failing to do so. Alternatively, the foreclosure sale is void.

{37926191;2}

47. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate BANA's rights to due process, as a result of Nevada Trails' improper calculation of the super priority component, its inclusion of charges that are not part of the super priority lien under Nevada law, and its rejection of BAC's tender of the super priority component of the lien. Alternatively, the foreclosure sale is void.

48. The foreclosure sale did not extinguish the senior deed of trust because Daisy does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, BAC's satisfaction of the super priority component of Nevada Trails' lien, and the commercial unreasonableness of the HOA sale. Alternatively, the foreclosure sale is void.

49. BANA and is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

50. BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against Nevada Trails and Alessi)

51. BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

52. NRS § 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

53. Nevada Trails' recorded CC&Rs contain a rights of mortgagees provision which provides that "no amendment or violation of this Declaration shall operate to defeat or render invalid the rights of the Beneficiary under any Deed of Trust upon one (1) or more Lots made in good faith and for value."  This provision makes BANA a direct beneficiary of the protections afforded under the CC&Rs, with all accompanying duties implied and existing under Chapter 116 and common law.

{37926191;2}

54. NRS Chapter 116 requires Nevada Trails and its agent Alessi to comply with the obligations of the CC&Rs, including the rights of mortgagees clause.

55. After making the representation in the CC&Rs that no violation of any obligation imposed by the CC&Rs would jeopardize the rights of the beneficiary of the senior deed of trust, Nevada Trails and its agent Alessi are charged with a duty to inform lenders and loan servicers like BAC and BANA that its representation regarding the unequivocal protection of security interests in the CC&Rs was false, to notify BAC and BANA that the senior deed of trust was at risk, and to give BAC and BANA a reasonable opportunity to protect their interests in the property.

56. After making the representation in the CC&Rs that no violation of any obligation imposed by the CC&Rs would jeopardize the rights of the beneficiary of the senior deed of trust, Nevada Trails and its agent Alessi are charged with the duty to either not foreclose or to specifically foreclose on only the sub-priority portion of the HOA's lien.

57. As a senior lienholder, Nevada Trails also owes all junior lienholders a duty of good faith to treat it fairly with regard to decisions regarding the disposal of the collateral securing the respective liens.

58. Nevada Trails and its agent Alessi breached their duty of good faith by not identifying the super-priority amount of its lien for BAC or BANA, by not notifying BAC or BANA that its representation regarding the protection of security interests was false, by not notifying BAC or BANA its security interest was at risk, by not providing any reasonable opportunity for BAC or BANA to protect its interest, by purporting to foreclose on the super-priority portion of its lien, and by unfairly disposing of the collateral in a commercially unreasonable fashion.

59. If it is determined Nevada Trails' sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Nevada Trails' and Alessi's breach of their obligations of good faith will cause BANA to suffer general and special

{37926191;2}

damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

60. BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### (Wrongful Foreclosure against Nevada Trails and Alessi)

61. BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

62. To the extent defendants contend or the Court concludes Nevada Trails' foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

63. Because Nevada Trails failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

64. Because BANA and its agent Alessi satisfied the super priority portion of Nevada Trails' lien prior to the foreclosure sale, there was no default in the super priority component of Nevada Trails' lien at the time of the foreclosure sale and the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

65. Because Nevada Trails and its agent Alessi sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

66. Because Nevada Trails and its agent Alessi violated the representation in the CC&Rs that no violation of any obligation imposed by the CC&Rs would jeopardize the rights of the

{37926191;2}

beneficiary of the senior deed of trust, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

67. Because Nevada Trail's unequivocal representation in its CC&Rs that the rights of the beneficiary under the senior deed of trust would not be jeopardized caused the sales price to be grossly inadequate, the foreclosure was commercially reasonable and wrongful to the extent Nevada Trails contends it extinguished the senior deed of trust.

68. Because Nevada Trails and its agent Alessi violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

69. If it is determined Nevada Trails' foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Nevada Trails' and its agent Alessi's actions will cause BANA to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

70. BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**(Injunctive Relief against Daisy)**

71. BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

72. BANA disputes Daisy's claim it owns the property free and clear of the senior deed of trust.

73. Any sale or transfer of the property by Daisy, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if

{37926191;2}

the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

74. BANA has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate it for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

75. BANA has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

76. BANA is entitled to a preliminary injunction prohibiting Daisy, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

77. BANA is entitled to a preliminary injunction requiring Daisy to pay all taxes, insurance and homeowners' association dues during the pendency of this action.

**PRAYER FOR RELIEF**

BANA requests the Court grant the following relief:

1. An order declaring that Daisy purchased the property subject to BANA's senior deed of trust;

2. In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed, was void ab initio;

3. In the alternative, an order requiring Nevada Trails and Alessi to pay BANA all amounts by which it was damaged as a result of Nevada Trails' and Alessi's wrongful foreclosure and/or violation of the good faith provisions of NRS § 116.1113;

4. A preliminary injunction prohibiting Daisy, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

{37926191;2}

5. A preliminary injunction requiring Daisy to pay all taxes, insurance, and homeowners' association dues during the pendency of this action;

6. Reasonable attorneys' fees as special damages and the costs of suit; and

7. For such other and further relief the Court deems proper.

DATED April 18, 2016.

**AKERMAN LLP**

/s/ Ariel E. Stern
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
STEVE SHEVORSKI, ESQ.
Nevada Bar No. 8256
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Plaintiff*

{37926191;2}