1
2
3
4                    UNITED STATES DISTRICT COURT

5                        DISTRICT OF NEVADA

6                               * * *

7   BANK OF AMERICA, N.A.,                    Case No. 2:16-cv-00880-JCM-PAL

8                             Plaintiff,                    ORDER

9       v.                                        (Stip to Stay – ECF No. 26)
                                                   (Stip Ext Ddln – ECF No. 30)
10  NEVADA   TRAILS   II   COMMUNITY
    ASSOCIATION, et al.,
11
                              Defendants.
12

13          This matter is before the court on the parties' Stipulation and Order to Stay Litigation

14  Pending Final Resolution of Petition(s) for Writ of Certiorari to the United States Supreme Court,

15  or, in the Alternative, Pending Relief From Stay in the Bankruptcy Court (ECF No. 26).  The

16  matter was referred to me pursuant to LR IB 1-7 of the Local Rules of Practice.  For the reasons

17  explained below, the Stipulation and Proposed Order (ECF No. 26) is denied.

18          The Complaint (ECF No. 1) was filed April 18, 2016.  It involves a quiet title and

19  declaratory relief action arising out of a non-judicial homeowners' association foreclosure sale of

20  real property located at 7623 Cascade Ridge Court in Las Vegas, Nevada.  The property was

21  purchased by homeowners in 2008.  The homeowners obtained a loan from Bank of America in

22  the amount of $267,600.00 secured by a senior deed of trust.  It was subsequently sold in an HOA

23  foreclosure sale in 2012 for $6,300.00.  The complaint alleges that Chapter 116 of the Nevada

24  Revised Statutes violates plaintiff's right to procedural due process under the United States and

25  Nevada Constitutions.  The complaint also alleges additional legal theories why the HOA

26  foreclosure sale did not extinguish the plaintiff's senior deed of trust.  The prayer for relief seeks

27  an order declaring that the buyer purchased the property subject to BANA's senior deed of trust.

28  In the alternative, BANA seeks an order that the HOA foreclosure sale and any resulting

                                              1

foreclosure deed was void at ab initio.  In the alternative, BANA seeks an order requiring Nevada Trails and the lessee to pay it all amounts by which it was damaged as a result of wrongful foreclosure and/or violation of the good faith provisions of NRS 116.1113; a preliminary injunction prohibiting the buyer, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust; a preliminary injunction requiring the buyer to pay all taxes, insurance, and homeowners' association dues during the pendency of this action; and reasonable attorney's fees and costs and special damages.

A Discovery Plan and Scheduling Order (ECF No. 19) was entered June 23, 2016, which established a November 2, 2016 discovery cutoff and related case management deadlines consistent with LR 26-1.  The court granted the parties' stipulation for an extension of the discovery cutoff and extended discovery until February 2, 2017.  *See* Stipulation (ECF No. 23) and Order (ECF. 24).  On January 5, 2017, a Notice of Bankruptcy was filed on the record on behalf of Defendant Alessi & Koenig indicating that it had filed a Chapter 7 petition in the bankruptcy court on December 13, 2016.  Alessi & Koenig was served with the complaint in this case on April 24, 2016.  *See* Summons Returned Executed (ECF No. 7).  However, it did not make an appearance, and plaintiff did not request default.  On March 17, 2017, the district judge granted the parties' stipulation to withdraw defendant Daisy Trust's motion for summary judgment.  The stipulation provided no reason for the requested withdrawal.

The parties assert that a stay will 1) avoid the cost and expense of continued legal proceedings in light of unsettled law, 2) save the resources of the court and the parties, and 3) promote the orderly course of justice by avoiding the need to move forward without a final resolution of the federal issues and the state court/federal court conflict.  The stipulation also points out that several judges in this district have stayed HOA cases pending exhaustion of these two appeals.

This is one of hundreds of cases pending in this court arising out of HOA foreclosures. The parties in these cases have requested serial stays of proceedings while various decisions were under submission to the Nevada Supreme Court or Ninth Circuit.  In a series of motions and

stipulations for stay, counsel for the parties have repeatedly assured the court that a decision in a case under submission was potentially dispositive of all the parties' claims and defenses. Stays have been requested based on similar arguments that the law is unsettled, that judicial decisions in state and federal courts are in conflict, and that resources will be saved if the court stays the case until the most recent case under submission is decided. Although numerous stays have been granted over the past several years based on these arguments, the stays have not accomplished their stated objectives. To the contrary, the series of stays entered awaiting decisions by the Nevada Supreme Court and/or Ninth Circuit have only resulted in more litigation and requests for enlarging or reopening discovery on new claims and theories. The evolving case law has generated more rather than less litigation and expenditure of resources.

Staying cases congests the court's docket. When cases are not resolved in a timely manner, the court's docket increases exponentially because cases are not closed and new filings continue to increase. The court's experience in these HOA foreclosure cases is that stays only kick the can down the road.

The court is fully aware that a number of district judges in this district have stayed most or all of their HOA foreclosure cases pending a decision on whether the Supreme Court will grant or deny certiorari in *Bourne Valley* and *Saticoy Bay*. Those district judges have entered orders in all of their cases. However, the district judge assigned to this case referred this stipulation to the undersigned.

Accordingly,

**IT IS ORDERED** that:

1.  The parties' Stipulation and Proposed Order (ECF No. 26) is **NOT APPROVED** and is **DENIED**.

2.  The Stipulation to Extend Dispositive Motion Deadline (ECF No. 30) is **GRANTED** to the extent that the parties shall have until **May 5, 2017**, to file any dispositive motions.

3.  Pursuant to LR 26-1, the joint pretrial order is due **June 5, 2017**, unless dispositive motions are timely filed. In the event dispositive motions are filed, the date for filing

the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

DATED this 7th day of April, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE